# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PACIFIC GOURMET PRODUCE, LLC, a limited liability company d/b/a PACIFIC GOURMET SPECIALTY & ORGANIC; and SUN FRESH HAWAII, LLC, a limited liability company d/b/a SUN FRESH HAWAII, | CASE NO. 1:09-CV-1137<br><br>Hon. Gordon J. Quist |
| Plaintiffs, | |
| v. | |
| KARNI FAMILY FARM, LLC, a limited liability company; MATI KARNI, an individual, | |
| Defendants. | |

JAMES H. GEARY (P13892)
Howard & Howard Attorneys PLLC
Attorney for Plaintiffs
151 S. Rose St., Suite 800
Kalamazoo, MI 49007
(269) 382-9707
(269) 382-1568 - fax
Email: JGeary@HowardandHoward.com

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Upon review of the Complaint of PACIFIC GOURMET PRODUCE, LLC d/b/a PACIFIC GOURMET SPECIALTY & ORGANIC ("Pacific Gourmet) and SUN FRESH HAWAII, LLC d/b/a SUN FRESH HAWAII ("Sun Fresh"), (collectively referred to as "Plaintiffs") on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiffs' Application for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and it appearing to the

satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause.

IT IS HEREBY ORDERED that Defendants KARNI FAMILY FARM, LLC ("KFF") and MATI KARNI ("MK") (collectively referred to as "Defendants") appear in Courtroom 499 of the U.S. District Court for the Western District of Michigan, Southern Division, before Honorable Gordon J. Quist, on January 4, 2010 at 3:00 p.m., or as soon thereafter as the matter may be heard, then and there to show cause, if any they have, why they, their agents, bankers, subsidiaries, successors, assignees, principals, employees, attorneys, and representatives should not be restrained and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable (including frozen) agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

C. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that Defendants, their owners, officers, directors, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert

with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by order of this Court and required to distribute PACA trust assets in the amount of at least $35,732.60, the amount of the PACA Trust principal owing to Plaintiffs due as of the date hereof.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendants, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets, including funds on deposit in banking accounts held by or on behalf of Defendants, from Defendants' banking accounts, including but not limited to Defendants' accounts held at United Bank, account number 10425543, and Bank of America, account number 375000294677, and any other accounts subsequently discovered to be standing in said Defendants' names or either of them.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Defendants and their counsel, agents, or representatives, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

D. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

3

E. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiffs' beneficiary interests in the trust assets;

F. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA)].

IT IS FURTHER ORDERED that in the event Defendants lack sufficient funds to promptly deposit the sums described above, Defendants shall be and hereby are required and ordered to:

G. Immediately account to the Court and Plaintiffs for all assets of the PACA trust from commencement of Defendants' business through the date of this Order.

H. Immediately assign Defendants' inventory of perishable agricultural commodities and produce related receivables to Plaintiffs for sale and collection until Plaintiffs is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiffs' counsel without charge to the trust, and subject to Plaintiffs' counsel making a weekly accounting for all receivables received or collected by Plaintiffs' counsel in that regard. Plaintiffs' counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

I. Endorse any checks made, endorsed or paid, to Defendants which are trust assets and which are in their possession or obtainable by Defendants at the time of the entry of this Order, or which Defendants obtain or which become obtainable by Defendants after the entry of this Order, including but not limited to checks representing payment for sales of inventory, and shall deliver said assets within 48 hours of Defendants' receipt of them to Plaintiffs' counsel as set forth above. Likewise, Defendants shall deliver any cash assets of the PACA trust which are

4

in its possession or are obtainable by Defendants at the time of the entry of this order, or which Defendants obtain or which become obtainable by Defendants after entry of this Order, within 48 hours of Defendants' receipt of them to Plaintiffs' counsel.

J.     File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs and its counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendants' books and records, which shall include but not necessarily be limited to, Defendants' accounts receivable and payable ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating to Defendants' business and personal financial status from commencement of Defendants' business activities forward for the purpose of verifying Defendants' accountings required by this Order and for enforcement of this Order. Defendants shall, upon 48 hours notice by Plaintiffs' counsel, allow inspection and copying of the books and records of said Defendants by Plaintiffs or its representatives at Defendants' place of business.

IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiffs shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours notice, Defendants and/or Defendants' other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books or records which Plaintiffs is entitled to inspect under this Order, the trust assets or any of Defendants' business assets, and/or Defendants' business practices, procedures or operations from commencement of Defendants' business activities.

5

IT IS FURTHER ORDERED that Plaintiffs may immediately take whatever steps are reasonably necessary to mitigate Plaintiffs' damages by selling current inventory of fresh produce previously sold to Defendants but for which Defendants have not paid Plaintiffs, all such sales proceeds to be applied to Defendants' account.

IT IS FURTHER ORDERED that United Bank and Bank of America release information about the above-described accounts including the amounts contained in the accounts.

IT IS FURTHER ORDERED that no bond shall be required to be posted by Plaintiffs before the Temporary Restraining Order is effective.

IT IS FURTHER ORDERED that Plaintiffs shall serve Defendants with copies of this Order and all pleadings and other papers in support of the Order on or before Thursday, December 24, 2009 by Federal Express with verification of receipt. Defendants shall file an Opposition, if any, to the Order to Show Cause on or before 12 p.m. on December 28, 2009, and shall personally serve Plaintiffs' counsel with a copy of said Opposition by said deadline. Plaintiffs shall file and serve a Reply to Defendants' Opposition, if any, on or before 12 p.m. on December 31, 2009.

DATED: December 22, 2009

/s/ Gordon J. Quist
**U.S. DISTRICT JUDGE**